Vergara Illanes v. Garland

BIA
Conroy, IJ
A216 557 596

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of June, two thousand twenty-four.

PRESENT:
JON O. NEWMAN,
RICHARD C. WESLEY,
BETH ROBINSON,
       *Circuit Judges.*
_____

BRYAN G. VERGARA ILLANES,
       *Petitioner*,

       v.                                                            **22-6252**
                                                                      **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
       *Respondent.*

_____

**FOR PETITIONER:**               Ana Lucia Alvarado, Queens Defenders, Forest Hills, NY.

**FOR RESPONDENT:**               Brian Boynton, Principal Deputy Assistant Attorney General; Carl McIntyre, Assistant Director; Brooke M. Maurer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bryan G. Vergara Illanes, a native and citizen of Chile, seeks review of an April 28, 2022, decision of the BIA affirming a January 8, 2021, decision of an Immigration Judge ("IJ") denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Bryan G. Vergara Illanes*, No. A216 557 596 (B.I.A. Apr. 28, 2022), *aff'g* No. A216 557 596 (Immig. Ct. N.Y. City Jan. 8, 2021). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the findings that the BIA declined to rely on. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). "We review the [agency's] legal conclusions *de*

2

*novo*, and its factual findings, including adverse credibility determinations, under the substantial evidence standard." *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (quotation marks omitted). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Vergara Illanes alleged that he and his family were targeted by members of the far right because of their support for the Communist Party. Substantial evidence supports the agency's conclusion that Vergara Illanes was not credible and did not independently demonstrate that he would more likely than not be tortured.

## I.    Adverse Credibility Determination

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such

3

statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

First, the agency reasonably relied on Vergara Illanes's omissions from his application and written declaration. An IJ may rely on omissions from written statements, but they may be "less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony." *Hong Fei Gao*, 891 F.3d at 78 (quotation marks omitted). Here the IJ did not err because "the probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose." *Id.* And Vergra Illanes's application and written statement omitted material incidents—three of four attempted attacks from a timeline that otherwise reflected gaps of many years between the alleged attacks. *See Xiu Xia Lin*, 534 F.3d at 166 (concluding that omission in application and her father's letter regarding the length of her detention supported adverse credibility determination); *see also Jian*

4

*Liang v. Garland*, 10 F.4th 106, 115 (2d Cir. 2021) (upholding adverse credibility determination where petitioner omitted "critical information" that petitioner "would reasonably have been expected to disclose much earlier"). The agency was not required to credit his explanation that he omitted the incidents because he was not harmed and did not have police reports, particularly as he included a 2012 attack on his home that he was not present for and did not have a police report for. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

The IJ also reasonably relied on the lack of reliable corroboration for the past harm. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Vergara Illanes did not obtain medical records to corroborate treatment after two attacks, the IJ was not required to credit letters from his parents, and he did not authenticate police reports. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that "the IJ acted within

5

her discretion in according . . . little weight [to letters] because the declarants (particularly [petitioner]'s wife) were interested parties and neither was available for cross-examination"); *Y.C.*, 741 F.3d at 332 ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *Shunfu Li v. Mukasey*, 529 F.3d 141, 149–50 (2d Cir. 2008) (explaining that authenticated documents may help rehabilitate testimony that is in question).

Finally, the agency reasonably concluded that Vergara Illanes was evasive and inconsistent about his assault conviction in the United States. He has 2018 convictions for (1) third-degree assault under New York Penal Law ("NYPL") § 120.00 (an A misdemeanor), for which he was sentenced to 60 days imprisonment and a 5-year order of protection, and (2) disorderly conduct for which he received a conditional discharge. A police affidavit based on the victim's report describes a verbal argument that escalated to the point where Vergara Illanes punched the victim in the mouth and kicked her in the leg, placed his hands on her throat and applied pressure, and hit her while she was holding their child.

The record supports the IJ's conclusion that Vergara Illanes was evasive when asked about the conviction. He initially testified that he did not know what

6

he pled guilty to other than that the offense involved domestic violence and was a misdemeanor, but he later conceded that he pled guilty to assaulting his girlfriend. When cross-examined about whether he told the judge at his plea hearing that he had assaulted his girlfriend, he stated unresponsively that he had to plead guilty to get out of jail, he next responded that he did not acknowledge the assault but pled guilty to the misdemeanor, then when asked how he could plead guilty without admitting the assault, he asked the attorney if he had ever been in jail.

And his description of the incident further contradicted the record, in that he testified that his girlfriend suffered from bipolar disorder and he covered her mouth only to stop her from waking their daughter; in contrast, the police affidavit describes more severe physical assault—that he punched his girlfriend in the face and applied pressure to her throat. Accordingly, the IJ did not err in finding inconsistency between Vergara Illanes's version of events on one hand and his guilty plea to assault and the police affidavit on the other. Although Vergara Illanes testified that his girlfriend retracted her false accusations by sending a letter to the prosecutor, he did not provide that letter or a statement from her and thus had no evidence to corroborate his version of events. *See Majidi*, 430 F.3d at 80; *Biao Yang*, 496 F.3d at 273.

7

Taken together, the omissions and inconsistencies, and the lack of reliable corroboration to support Vergara Illanes's version of events provide substantial evidence for the adverse credibility determination, which is dispositive of withholding of removal. *See Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. To the extent the CAT claim is based on the same facts, the adverse credibility determination is dispositive. *See Hong Fei Gao*, 891 F.3d at 76.

The agency did not otherwise err in finding insufficient independent evidence that Vergara Illanes would more likely than not be tortured. A CAT applicant must show that he would "more likely than not" be tortured by or with the acquiescence of a government official. 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a), 1208.18(a)(1). Acquiescence "requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Id.* § 1208.18(a)(7). In determining the likelihood of torture, the agency considers, among other factors, evidence of past torture and evidence of human rights violations in the country of removal. *Id.* § 1208.16(c)(3).

Vergara Illanes asserts that the Chilean government is unable or unwilling to protect him, as the police did not arrest anyone following his reported incidents,

8

and the government has not prosecuted many alleged perpetrators of human rights violations in the police and military despite a high number of police reports and judicial complaints. But the United Nations report that Vergara Illanes relies on also states that "[d]ifferent [s]tate institutions have taken measures to ensure investigations of alleged human rights violations; to ensure access to lawyers for detainees; access to services for victims; and to provide comprehensive, regular and accessible information to the public." The State Department similarly reports that "[c]ivilian authorities [have] generally maintained effective control over the security forces" and that the government has taken steps to "investigate and prosecute officials who have allegedly committed abuses." The other evidence Vergara Illanes cites – including attacks on a left-wing government official and journalist – does not compel the conclusion that he would more likely than not be tortured simply because his family supports the Communist Party. *See Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 160 (2d Cir. 2005) (a CAT claimant must show "that someone in his particular alleged circumstances is more likely than not to be tortured" (quotation marks and emphasis omitted)); *see also Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 205 (2d Cir. 2021) (distinguishing between a possibility of torture and a likelihood of torture). Vergara Illanes "cannot secure CAT relief by

9

pointing to conflicting evidence that might support – but not compel – a different

conclusion." *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021).

For the foregoing reasons, the petition for review is DENIED. All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

10